# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STACY TYLER, and others similarly situated,**

        **Plaintiff,**

-vs-                              **Case No. 6:06-cv-1495-Orl-19KRS**

**AMERICAN TIRE DISTRIBUTORS, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 24)**
>
> **FILED:**     February 15, 2007
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    This case was brought by Plaintiff Stacy Tyler under the Fair Labor Standards Act (FLSA), as a collective action. 29 U.S.C. § 201, *et seq.* Doc. No. 1. Plaintiff Daniel J. Mulay filed a consent to join. Doc. No. 20. No other persons have joined as plaintiffs.

In *Lynn's Food Stores, Inc. v. United States*, the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  679 F.2d 1350, 1352-55 (11th Cir. 1982).

Pursuant to the terms of the Settlement Agreement, which the parties submitted as an exhibit to the present motion, Tyler and Mulay "have been paid all compensation, wages, bonuses, commissions and/or benefits to which [they] may be entitled."  Doc. No. 24 at 2, 10.  Based on this representation, which the plaintiffs acknowledge by their signature of the Settlement Agreement, I conclude that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Lynn's Food Stores*, 679 F.2d at 1354.

However, paragraph 7 of the settlement agreement contains a confidentiality agreement that should not be approved by the Court.  In order for the settlement agreement to be approved, it was necessarily filed in the public record in this case.  As such, the settlement agreement is no longer confidential.

Accordingly, I respectfully recommend that the Court do the following:

(1)     dismiss the collective action allegations in the complaint;

(2)     allow Daniel J. Mulay to intervene as a party plaintiff;

(3)     approve the settlement agreement submitted with the joint stipulation, doc. no. 24 at 5-18, as to Tyler and Mulay only, except for the confidentiality provision in paragraph 7 of the settlement agreement;

(4)     dismiss the case with prejudice; and

      (5)    direct the Clerk to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 16, 2007.

                                            *Karla R. Spaulding*
                                            KARLA R. SPAULDING
                                      UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy